UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
In re:

                                  Chapter 7
    **Miguel Garcia,**                        Case no. 18-10229 MG

                                  **APPLICATION**
                       Debtor(s).
------------------------------------------------------------ X

**TO THE HONORABLE MARTIN GLENN, BANKRUPTCY JUDGE:**

    The application of Rushmore Loan Management Services, as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("Creditor") by its attorneys, Knuckles, Komosinski & Manfro, LLP, respectfully shows and alleges:

    1.    Creditor is the holder of a note and mortgage affecting the premises owned by Miguel Garcia (the "Debtor) Rosa Toribio Garcia (the "Co-Mortgagor") located at 633 West 185th Street, New York, NY 10033 (the "Premises").

    2.    Creditor seeks leave to continue an action to foreclose on the above-referenced mortgage.

    3.    On January 31, 2018, the Debtor filed the instant Chapter 7 bankruptcy petition.

    4.    On or about August 03, 2007, the Debtor borrowed the sum of $617,500.00 from Wells Fargo Bank, N.A. On that date the Debtor executed a note evidencing indebtedness to Wells Fargo Bank, N.A. (the "Note") and Debtor and Co-Mortgagor delivered a mortgage securing repayment of the Note (the "Mortgage) against the Premises. The mortgage was duly recorded in the City Register of the City of New

York and the recording tax thereon was duly paid. The Mortgage was ultimately assigned to Creditor by written instrument dated September 28, 2017. True and correct copies of the Note, Mortgage, and Assignment are annexed hereto as collective **Exhibit "A"**.

5. As of February 22, 2018 there is due and owing to Creditor, the sum of $997,739.68 as described in the Relief from Stay – Real Estate and Cooperative Apartments, annexed hereto as **Exhibit "B"**.

6. A Broker Price Opinion of the property estimates the fair market value of the premises at $1,150,000.00 as of January 18, 2018 a copy of which is annexed hereto as **Exhibit "C"**.

7. The Debtor's Homestead Exemption is $165,550.00. When adding the Homestead Exemption along with broker fees, Trustee fees and open real estate taxes, it is clear that no equity remains in the property. As such, Creditor respectfully requests it be granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

8. Creditor requests that Rule 4001(a) be waived to allow it to proceed with its foreclosure without further delay.

9. Creditor respectively requests that the Court to direct the Debtor and Co-Mortgagor to pay Creditor for its attorney fees for filing the within motion in the amount of $750.00 and $181.00 for the filing fee.

10. In further support of this motion, a copy of a proposed Order granting the within requested relief is annexed hereto as **Exhibit "D"**.

11. **A PARAGRAPH WILL BE INCORPORATED IN THE PROPOSED ORDER VACATING STAY PROVIDING THE FOLLOWING: THAT THE MOVANT**

SHALL IMMEDIATELY PROVIDE AN ACCOUNTING TO THE TRUSTEE OF ANY SURPLUS MONIES REALIZED.

WHEREFORE, Creditor respectfully requests an Order terminating the stay to permit it to continue with a foreclosure action against the premises known as 633 West 185th Street, New York, NY 10033 and for such other and further relief as is deemed just and proper.

Dated: April 2, 2018
      Elmsford, New York

**Knuckles, Komosinski & Manfro LLP**
Attorneys for Rushmore Loan Management Services, as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT

By: _____
Nicole M. Massi, Esq.
565 Taxter Road, Suite 590
Elmsford, New York 10523
(914) 345-3020
nmm@kkmllp.com